IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| MULTILAYER STRETCH CLING FILM HOLDINGS, INC., | ) ) ) | |
| Plaintiff, | ) ) | JURY TRIAL DEMANDED |
| v. | ) ) | |
| INTEPLAST GROUP LTD. and AMTOPP CORP.; | ) ) ) | No. 2:12-cv-2107-WGY-dkv |
| BERRY PLASTICS CORPORATION; | ) ) | No. 2:12-cv-2108-WGY-cgc |
| INTERTAPE POLYMER GROUP, INC.; | ) ) | No. 2:12-cv-2109-JPM-cgc |
| and | ) ) | |
| MSC MARKETING AND TECHNOLOGY, INC. d/b/a SIGMA STRETCH FILM, and ALPHA INDUSTRIES, INC., | ) ) ) ) | No. 2:12-cv-2112-JPM-tmp |
| Defendants. | ) | |

**COURT'S PROPOSED CONSTRUCTION FOR "WHEREIN EACH OF SAID TWO OUTER LAYERS AND EACH OF SAID FIVE INNER LAYERS HAVE DIFFERENT COMPOSITIONAL PROPERTIES WHEN COMPARED TO A NEIGHBORING LAYER"**

Before the Court is the parties' request for claim construction pursuant to Markman v. Westview Instruments, Inc., 52 F.3d 967 (Fed. Cir. 1995) (en banc).  On October 17, 2012, the Court consolidated the four remaining patent-infringement actions for the purpose of claim construction and set a consolidated claim construction schedule.  (ECF No. 49; see also ECF No. 95 at 1 n.1.)  On November 8, 2013, the Court entered its Order Following Claim Construction Hearing.  (ECF No. 95.)

1

The Court incorporates by reference the Court's Order Following Claim Construction Hearing.

In its Order, the Court did not construe the disputed term "wherein each of said two outer layers and each of said five inner layers have different compositional properties when compared to a neighboring layer," a term found in Claim 1 and Claim 28 of the patent-in-suit, U.S. Patent 6,265,055 (the "'055 Patent"). (See '055 Patent, Second Ex Parte Reexamination Certificate (Apr. 7, 2009), Claim 1 and Claim 28 at PageID 26, ECF No. 1-4; Certificate of Correction (July 14, 2009) at PageID 22, ECF No. 1-4.)  In the interest of clarity, and because the Court proposes a construction neither Plaintiff Multilayer Stretch Cling Film Holdings, Inc. ("Multilayer") nor Defendants Inteplast Group Ltd. and Amtopp Corp., Berry Plastics Corp., and MSC Marketing and Technology, Inc. (doing business as Sigma Stretch Film, and Alpha Industries, Inc.) (collectively "Defendants") proposed, the Court enters the instant Proposed Construction separately.

The Court addresses the term below.

**"wherein each of said two outer layers and each of said five inner layers have different compositional properties when compared to a neighboring layer"** ('055 Patent, Second Ex Parte Reexamination Certificate (Apr. 7, 2009), Claim 1 and Claim 28 at PageID 26, ECF No. 1-4; Certificate of Correction (July 14, 2009) at PageID 22, ECF No. 1-4)

Multilayer's proposed construction of the term is "wherein each of said two outer layers and each of said five inner layers has a different arrangement or combination of ingredients than each immediately adjacent layer, which, in turn, yields one or more different characteristics."  (Pl.'s Claim Construction Br. ("Pl.'s Br.") at 16, ECF No. 53.)

Defendants' proposed construction of the term is "wherein each of said two outer layers and each of said five inner layers is a different composition than each adjacent layer, which, in turn, yields a different, useful functional property."  (Defs.' Claim Construction Br. ("Defs.' Br.") at 15, ECF No. 54.)

Multilayer argues that "the written description teaches that a layer may differ from a neighboring layer through the use of different polymer resins or through the use of the same polymer resins arranged differently to achieve specific end-use properties."  (Pl.'s Resp. at 13, ECF No. 57.)  Multilayer asserts that the examiner's rejection of the proposed amendment, "different compositional or mechanical properties when compared to a neighboring layer," was based on the examiner's conclusion that "mechanical properties" was included within, and therefore redundant to, "compositional properties."  (Id. at 14 (citing ECF No. 53-11 at PageID 544-45); see ECF No. 53-11 at PageID 544 ("In claims 1-15, 17 and 21-28 the recitation of 'different mechanical properties' is considered the same as, and thus

3

redundant, [sic] to the recitation of a different composition than a neighboring layer.") Multilayer argues that this amendment simply clarified the claims and neither narrowed nor disavowed their scope. (Pl.'s Resp. at 14, ECF No. 57.) Additionally, Multilayer asserts that the "proper scope of the claims must include films having layers that differ based on their composition (the polymer resin(s) used) and based on their arrangement (the processing conditions implemented)." (Id. at 15.) Multilayer contends that dependent Claims 29 through 35 "were added to explain that differences in compositional properties may be attributable to the unique polymer resin(s) used in the layer or to the properties impacted by the processing of the polymer resin(s)." (Id. at 14.)

Defendants argue that Multilayer's proposed construction is improperly based on "general-use dictionary definitions that are not supported by intrinsic evidence." (Defs.' Resp. at 23, ECF No. 58.) Defendants assert relying on such extrinsic evidence is improper as it ignores the intrinsic evidence of the claims themselves and the prosecution history of the '055 Patent. (Id.) Defendants also assert that Multilayer's "substitution of 'characteristics' for 'properties'" in its proposed construction "fails to acknowledge the intrinsic evidence that the 'compositional properties' be useful and functional." (Id. at 25.) Defendants also argue that Multilayer, in its proposed

4

definition, is attempting to reclaim the previously disclaimed claim scope with regard to whether layers can be distinguished by the processing conditions under which they were manufactured.

Reviewing the language of the claims and the intrinsic evidence, and as stated in the Order Following Claim Construction Hearing (Pt. IV.B., ECF No. 95), the Court agrees that the '055 Patent does not teach that the extrusion process imparts different compositional properties to a polymeric layer within the polymeric structure.  The language of the patent supports this conclusion.  The Detailed Description of the Invention provides that the individual layers or "combinations of said layers may be the same or different polymer resins selected for specific end-use properties."  ('055 Patent col. 2:42-44, 47-49, 52-54, ECF No. 1-4.)  This description does not indicate that resins are processed and thereafter exhibit the end-use properties for which they were selected; rather, this indicates the resins were selected for their end-use properties before processing.  Further, the addition of dependent Claims 29 through 35 define the different compositional properties contemplated in the stretch wrap film of the '055 Patent.  The Court finds no indication in the language of the patent that processing conditions of the chosen resins create the compositional properties of "tensile strength," "melt index,"

5

"density," or the "presence of a resin additive."[1]  Additionally,

Claims 29 through 35 are dependent upon independent Claims 1 and

28, which by their language require the layers to "have

different compositional properties when compared to a

neighboring layer," therefore the dependent claims cannot

broaden the scope of the independent claims.

Regarding Defendants' proposed construction, the Court

finds that the intrinsic evidence does not support Defendants'

argument that the "compositional properties" of each layer must

be useful and functional.  The terms "useful" and "functional"

are not found in the patent's specification, nor are these terms

used in the claims.  The '055 Patent teaches that resins are

chosen for their "specific film end-use properties."  Further,

Defendants' proposed construction including "useful functional

property" is vague and potentially unhelpful to a jury.  See

Funai Elec. Co., Ltd. v. Daewoo Elecs. Corp., 616 F.3d 1357,

1366 (Fed. Cir. 2010) ("The criterion is whether the explanation

aids the court and the jury in understanding the term as it is

used in the claimed invention.").

---

[1] The Court recognizes that processing conditions may affect the degree of
tensile strength.  (See ECF No. 57-3 ¶ 9.)

Regarding Multilayer's proposed construction, the Court finds Multilayer's proposed construction is overly broad.  As used in Multilayer's proposed construction, the term "characteristic" could encompass more than a resin's "end-use properties."

In construing the term "compositional properties" as used in the '055 Patent, the United States District Court for the Eastern District of Tennessee stated, "'[C]omposition' of matter means a mixture or compound of two or more ingredients, and 'compositional properties' refer to the useful functions which are the result of the intrinsic character of these combined ingredients."[2]  (ECF No. 59-3 at PageID 2755 (Claim Construction Order at 20 (Aug. 6, 2010), ECF No. 282, Quintec Films Corp. v. Pinnacle Films, Inc., No. 4:06-cv-00078 (E.D. Tenn. 2010) (citing Lane v. Levi, 21 App. D.C. 168, 175 (D.C. App. Ct. 1903))).)[3]

The Eastern District of Tennessee's construction of the term at issue here is not binding on the Court, but the Court will consider the Eastern District's construction and

---

[2] The Eastern District of Tennessee's Claim Construction Order in the Quintec Films Corp. case is attached as an exhibit to Defendants' Responsive Claim Construction Brief.  (See ECF No. 59-3.)

[3] After the Eastern District of Tennessee issued its claim construction order on August 6, 2010, Defendant Pinnacle Films, Inc., filed for bankruptcy in September 2010.  See Notice of Filing for Chapter 11 Bankruptcy, ECF No. 298, Quintec Films Corp., No. 4:06-cv-00078 (E.D. Tenn. Sept. 28, 2010).  On September 24, 2012, the parties filed a stipulation of dismissal, dismissing with prejudice Plaintiff's claims and dismissing without prejudice Defendant's counterclaims.  See Stipulation of Dismissal, ECF No. 305, Quintec Films Corp., No. 4:06-cv-00078 (E.D. Tenn. Sept. 24, 2012).

accompanying reasoning.  See Amgen, Inc. v. F. Hoffmann-La Roche

Ltd., 494 F. Supp. 2d 54, 60 (D. Mass. 2007) ("[A] court is

bound to follow a higher court's applicable holding, but need

only give consideration and careful analysis to a sister court's

decision where applicable to a similar fact pattern."); Tex.

Instruments, Inc. v. Linear Techs. Corp., 182 F. Supp. 2d 580,

589 (E.D. Tex. 2002) ("[W]hile courts may defer to previous

claim constructions . . . , such decisions are made on a case by

case basis, at the discretion of the court.").

The Eastern District of Tennessee determined that

> "compositional properties" would refer to the polymer
> combination in the individual layers of the claimed
> invention.  Thus, in the context of this invention, it
> is apparent that "different compositional properties
> when compared to the neighboring layers" means that
> each layer in the claimed invention will have
> different compositions on a molecular level, and that
> composition would then yield a desired effect.  Under
> this construction, two layers could have "identical
> functions" (for instance, tensile strength) but be
> composed of different polymer compositions that
> achieve this desired function.

(ECF No. 59-3 at PageID 2756 (Claim Construction Order at

21 (Aug. 6, 2010), ECF No. 282, Quintec Films Corp., No.

4:06-cv-00078).)

The Court finds this definition comports with the

specification of the patent, which states that resins are

selected for their specific film end-use properties (see '055

Patent col. 2:43-44 ("said layers may be the same or different polymer resins selected for specific end-use properties"), 3:55-59 (describing "[s]uitable polyethylene resins for cling use"), 4:33-37 (describing "[s]uitable polyethylene resins for strength")), which in turn give the stretch-wrap film its desired characteristics.  These "functions" are therefore determined by the intrinsic character of the chosen ingredients.

Therefore, the Court's proposed construction of the phrase "wherein each of said two outer layers and each of said five inner layers have different compositional properties when compared to a neighboring layer" is "wherein each of said two outer layers and each of said five inner layers is a different composition than each immediately adjacent layer, which, in turn, yields a different end-use property"; and the proposed construction for the term "compositional property" is "an end-use property which is a result of the combined ingredients."

The parties may submit supplemental briefing on this proposed construction within fourteen (14) days of entry of this Order, not to exceed fifteen (15) pages in length.


**IT IS SO ORDERED,** this 8th day of November, 2013.


/s/ Jon P. McCalla
U.S. DISTRICT COURT JUDGE


9

APPENDIX A

| CLAIM TERM | MULTILAYER'S PROPOSED CONSTRUCTION | DEFENDANTS' PROPOSED CONSTRUCTION | PROPOSED CONSTRUCTION |
|---|---|---|---|
| "wherein each of said two outer layers and each of said five inner layers have different compositional properties when compared to a neighboring layer" ('055 Patent, Second Ex Parte Reexamination Certificate (Apr.7, 2009), Claim 1 and Claim 28 at PageID 26, ECF No. 1-4; Certificate of Correction (July 14, 2009) at PageID 22, ECF No. 1-4) | "wherein each of said two outer layers and each of said five inner layers has a different arrangement or combination of ingredients than each immediately adjacent layer, which, in turn, yields one or more different characteristics" | "wherein each of said two outer layers and each of said five inner layers is a different composition than each adjacent layer, which, in turn, yields a different, useful functional property" | "wherein each of said two outer layers and each of said five inner layers is a different composition than each immediately adjacent layer, which, in turn, yields a different end-use property"; and the term "compositional property" to mean "an end-use property which is a result of the combined ingredients" |